# UNPUBLISHED

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 19-1235

GREGORY GREER,

        Plaintiff - Appellant,

    v.

GENERAL DYNAMICS INFORMATION TECHNOLOGY, INC., a Delaware Corporation doing business in the State of Maryland,

        Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paul W. Grimm, District Judge.  (8:18-cv-01193-PWG)

Submitted:  March 19, 2020                Decided:  April 13, 2020

Before WILKINSON, QUATTLEBAUM, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ralph S. Greer, LAW OFFICE OF RALPH GREER, Rockville, Maryland, for Appellant. Christopher E. Humber, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

From 2011 to 2015, Gregory Greer was employed by General Dynamics Information Technology Incorporated as a technical editor. Greer worked on projects arising from General Dynamics' contracts with the federal government, often collaborating with employees of the Department of Defense. In early 2015, after a personnel shake-up on the project to which he was assigned at Walter Reed National Military Medical Center, Greer claims he was asked to work under the direct supervision of a government employee. Believing such an arrangement to be illegal, Greer brought it to the attention of his superiors at General Dynamics. Ultimately given the choice of accepting the arrangement and continuing to work on the project at Walter Reed or resigning his position, Greer chose to resign. He subsequently filed this lawsuit, contending that his resignation had been coerced by circumstance and therefore constituted an unlawful constructive discharge. He also alleged that General Dynamics had concealed from him his "true security clearance level." General Dynamics filed a motion to dismiss for failure to state a claim, which the district court granted. We affirm.

## I.

A motion to dismiss for failure to state a claim "tests the sufficiency of a complaint." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). In order to survive such a motion, the plaintiff must "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks sufficient factual allegations or fails to identify a cognizable legal theory cannot survive application of this standard. On appeal, "we review de novo the

2

grant of a motion to dismiss for failure to state a claim." *Garnett v. Remedi Seniorcare of Virginia, LLC*, 892 F.3d 140, 142 (4th Cir. 2018).

## A.

Greer's primary contention is that General Dynamics constructively discharged him by forcing him to choose between the new staffing arrangement (thereby becoming complicit in what he believed to be illegal behavior) and resigning. That discharge, he claims, violated the "anti-reprisal" provisions of 10 U.S.C. § 2409, the Defense Contractor Whistleblower Protection Act (DCWPA). "The DCWPA prohibits retaliation against employees of defense contractors who report certain types of misconduct." *United States ex rel. Cody v. ManTech Int'l, Corp.*, 746 Fed. App. 166, 178 (4th Cir. 2018) (argued but unpublished). A contractor who discloses to his employer (or certain statutorily identified government entities or officials) information he "reasonably believes is evidence" of "a violation of law, rule, or regulation related to a Department contract . . . or grant" cannot be "discharged, demoted, or otherwise discriminated against" for having made the disclosure. 10 U.S.C. § 2409(a)(1)(A). Greer contends that the Federal Acquisition Regulations (FAR), 48 C.F.R. §§ 1 *et seq.*, "prohibit[] a government employee from directly supervising the employees of a contractor working on a nonpersonal services contract." Opening Br. 11. Thus, Greer argues, when he informed General Dynamics of the new supervisory arrangement at Walter Reed, he made a disclosure regarding a violation of a regulation related to a Department contract—that is, a disclosure covered by the DCWPA—and General Dynamics engaged in an illegal reprisal when it forced him to choose between participating in what he considered illegal conduct and resigning.

3

In order to survive a motion to dismiss, Greer's DCWPA claim must allege facts sufficient to plausibly show that he engaged in a protected disclosure, that his employer was on notice of that disclosure, and that, as a result of the disclosure, he was subjected to an adverse employment action, such as a constructive discharge. *See United States ex rel. Cody v. Mantech Int'l Corp.*, 207 F. Supp. 3d 610, 621 (E.D. Va. 2016) ("[I]n order to establish a *prima facie* case of unlawful retaliation [under the DCWPA], a whistleblower plaintiff must establish that: (1) he engaged in protected activity; (2) his employer knew or was reasonably on notice that he was engaged in protected activity; and (3) his employer took adverse action against him as a result of his protected activity."), *aff'd* 746 Fed. App. 166 (4th Cir. 2018).

The district court was unable to "discern from Greer's pleadings" how the new supervisory arrangement—in which Greer would work under the direct supervision of a federal government employee—"violated [the] FAR." *Greer v. Gen. Dynamics Info. Tech., Inc.*, No. 8:18-cv-01193-PWG, 2019 WL 764018, at *4 (D. Md. Feb. 21, 2019). Nor has Greer brought to our attention on appeal any authority supporting his contention that the new arrangement violated the law. He points to FAR 7.503, which suggests that his argument is premised on the notion that the arrangement constitutes a contract being "used for the performance of [an] inherently governmental function[]," which is prohibited. 48 C.F.R. § 7.503(a). But the specific provision on which he relies—regarding "[c]ontractors participating in any situation where it might be assumed that they are agency employees or representatives"—is included in a list of examples "generally *not* considered to be [an]

4

inherently governmental function[].ʺ 48 C.F.R. § 7.503(d)(13) (emphasis added). Thus, the only authority Greer cites appears to undercut, not bolster, his claim.

It is not clear, then, that Greer made a protected disclosure that would trigger the anti-reprisal protection provided by the DCWPA. And even assuming he made a protected disclosure, we agree with the district court that an employee's mere discomfort with "a supervisory situation contrary to his employer's government contract" "simply do[es] not rise to the level of [an] intolerable" condition necessary to transform a voluntary resignation into a constructive discharge. *Greer*, 2019 WL 764018, at *4; *see Williams v. Giant Food Inc.*, 370 F.3d 423, 434 (4th Cir. 2004) ("[D]ifficult or unpleasant working conditions are not so intolerable as to compel a reasonable person to resign." (internal quotation marks omitted)). Either way, it is evident that Greer has not advanced a plausible claim under the DCWPA, so dismissal of the first theory of liability set forth in his complaint was appropriate.

B.

Greer's second claim concerns General Dynamics' purported concealment of his level of security clearance. As outlined in the operative complaint, Greer accuses General Dynamics of "erroneously inform[ing]" him that "the security clearance [General Dynamics] had sponsored [him] for was a Public Trust clearance when in fact the clearance was a Secret clearance." J.A. 88. This "intentional[] and malicious[] conceal[ment]" of his "true security clearance level," Greer contends, was a "violation of Executive Order 12829." J.A. 90.

5

"As a general rule, 'there is no private right of action to enforce obligations imposed on executive branch officials by executive orders.'" *Chen Zhou Chai v. Carroll*, 48 F.3d 1331, 1338 (4th Cir. 1995) (quoting *Facchiano Constr. Co. v. U.S. Dep't of Labor*, 987 F.2d 206, 210 (3d Cir. 1993)). Thus, an executive order is only "privately enforceable" if it "is issued pursuant to a statutory mandate or delegation of congressional authority." *Id*. (citing, *inter alia*, *U.S. Dep't of Health & Human Servs. v. Fed. Labor Relations Auth.*, 844 F.2d 1087, 1095–1096 (4th Cir. 1987) (en banc) ("The executive branch . . . simply has no power to make the law; that power rests exclusively with Congress.")).

Executive Order 12829 was issued by President Bush in January 1993. The order "establishes a National Industrial Security Program to safeguard Federal Government classified information that is released to contractors, licensees, and grantees of the United States Government." Exec. Order No. 12829, 58 Fed. Reg. 3479 (Jan. 6, 1993). The order contains various directives to executive branch officials designed to effectuate this presidential policy objective. Nothing in the order, however, indicates that it was issued pursuant to a statutory mandate or congressional delegation or otherwise suggests that it was intended to create a privately enforceable right of action.

On appeal, Greer has identified no authority suggesting otherwise. Instead he contends, for the first time, that his complaint raises a claim for "common law deceit." Opening Br. 4, 14. Although we retain the discretion to address arguments not previously raised in the first instance before a lower tribunal, "[i]n this circuit, we exercise that discretion sparingly." *In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014). "Absent exceptional circumstances . . . we do not consider issues raised for the first time on appeal."

6

*Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 603 (4th Cir. 2004); *see also Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993) ("As this court has repeatedly held, issues raised for the first time on appeal generally will not be considered. Exceptions to this general rule are made only in very limited circumstances . . . ." (citations omitted)). The circumstances of this case fall well short of exceptional, and declining to address Greer's newly raised argument will not "result in a miscarriage of justice." *Nat'l Wildlife Fed'n v. Hanson*, 859 F.2d 313, 318 (4th Cir. 1988). We therefore will not address the argument raised for the first time on appeal. Left without a cognizable cause of action, Greer's second theory of liability also fails to state a claim.

\* \* \*

The district court determined that Greer's complaint could not survive the testing of a motion to dismiss. Nothing on appeal indicates this conclusion was in error. Accordingly, the decision of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*